## MASTELAR v. EDGARTON ET AL.

1. **Highway:** CONSENT LINE: EQUITABLE JURISDICTION. Equity will
interfere to correct an agreement establishing a highway, at the instance
of a land owner who assented to the agreement under a misapprehension
respecting the location of the highway.

2. ———: ———: ———. An appeal to the board of supervisors would
not have afforded the relief to which the owner was entitled, since they
are not possessed of chancery powers.

3. ———: ———: ———. While it is not within the province of the Cir-
cuit Court to decree an alteration in the highway, it may nevertheless
direct a reformation of the contract to express the intention of the par-
ties, whereupon it will be the duty of the board of supervisors to cor-
rect the record of the road in accordance therewith.

*Appeal from Mahaska Circuit Court.*

MONDAY, OCTOBER 23.

THE defendants petitioned the board of supervisors of
Mahaska county for the establishment of a public road. The
proposed road passed over certain improved lands of the plain-
tiff, and he made a claim for damages. On the hearing before
the board a compromise was effected by which all of the par-
ties claiming damages, including the plaintiff, withdrew their
opposition, and the order was made by the board establishing
the road as a consent road. After the defendants herein had
introduced their evidence in favor of establishing the road,
the plaintiff was sworn, and while being cross-examined, the
attorney for the defendants herein asked plaintiff what dam-
ages he would take and allow a road to be established at a
point where plaintiff then had a private lane opened, and
plaintiff then and there proposed to allow a road to pass
through at said point for $125, which offer was at once accepted.
A written agreement was entered into and the description of
the road was made in the writing without naming the private
lane, but by naming the center point of a section as the start-
ing point, and section or subdivision lines as descriptive of
the line of the road. This agreement was entered into and
signed in the presence of the board of supervisors, and the

order establishing the road was at once made.    The plaintiff supposed when he signed the agreement that the location as contained in the writing would place the road on the ground occupied by said private lane, which was situated a short distance south of the yard, garden, and orchard of plaintiff, adjoining his dwelling house.    On returning to his home he discovered that, by following the line described in the written agreement, the road would pass between the private lane and his dwelling house, and over and through his yard, garden, orchard and ornamental grounds, and over his two wells, and would necessitate the removal of his corn crib and wagon house.

Upon discovering the mistake, plaintiff on the next day applied to the board of supervisors to correct the same, which was refused, unless the consent of defendants could be obtained, and application having been made to defendants, they refused to consent to the correction.

The plaintiff, at the time he made the written contract, was sick, had just been subjected to a severe cross-examination, and was confused and nervous, and the defendants well knew that plaintiff was laboring under a misapprehension as to where said highway would pass with reference to his dwelling house, but, with a design to injure and harass plaintiff, concealed from him the said mistake. Plaintiff presented a petition to the board asking the vacation of the road, which was not allowed.

The petition in this case sets forth the above facts, and asks that the written agreement be reformed and corrected, so as to show the establishment of the highway in accordance with the real agreement and understanding of the parties, and praying a temporary injunction restraining the opening of the road.    The injunction was allowed.    Defendants moved to dissolve the injunction, which motion was overruled.    A demurrer to the petition was overruled.    The defendants answered admitting the allegations of the petition, and asking that the same be submitted on the merits, and that defendants may have any and all relief that the court from the premises may deem just and right, and that such orders may be made as

the law and equity will warrant, or any and all other relief that may be proper.

The cause was submitted on the petition and answer, and the court found that there was no equity in plaintiff's petition and dismissed the same at his costs, and he appeals.

*Lafferty & Johnson*, for appellant.

*Bolton & McCoy*, for appellee.

ROTHROCK, J.—I. The allegations of the petition, the truth of which are admitted by the answer, show that it was dis-

1. HIGHWAY: consent line: equitable jurisdiction.

tinctly agreed the road was to be established at the point where the private lane was then open, and that the written agreement by mistake locates the road on a materially different line. If the written description of the line was a mutual mistake, or if it was a mistake on the part of the plaintiff alone, and the defendants knew that fact, and knew by the written description they were getting a line that they did not contract for, and concealed their knowledge from the plaintiff, equity will reform the writing to conform to the actual agreement of the parties.

These principles are elementary and do not need the citation of authorities for their support. It would be grossly inequitable to compel plaintiff to allow a highway to pass through his yard, ornamental grounds, and orchard, and over two wells of water, causing the removal of buildings, when it is conceded that the real agreement was for a highway to run along a lane already opened, and it would be a reproach upon equity to hold that a party is entitled to no relief under such circumstances.

II. It is said that the plaintiff should have petitioned the board of supervisors for an alteration of the road. The suf-

2. —: —: —.

ficient answer to this proposition is, that the board possesses no chancery powers. The petition for an alteration might or might not be entertained by the board. The only ground plaintiff could have urged would have been the mistake in the description of the highway, and this would have been asking that an off-set be made in the road, and

without benefit to the public. By section 946 of the Code, the board is required to vacate and alter roads, or refuse to do so, as in their judgment the public good may require. A resort to the board for an alteration cannot then be said to be a plain, speedy and adequate remedy.

III. . It is claimed that the effect of reforming this written contract will be to alter or change the highway, by a court having no jurisdiction over the establishment, alteration, or vacation of highways.

· There can be no question that the Circuit Court has jurisdiction in equity to reform written contracts without regard to the effect upon the rights of the parties, and we think it would not be within the power of the court to make a decree altering a public highway, but, having jurisdiction to reform the contract, it has the power to decree a reformation and enjoin the opening of the road on the mistaken line. It is not so much a question of alteration, as it is a determination as to the line where it was actually agreed the road should be established. Having determined this, it is for the board of supervisors to correct the record of the road accordingly, and establish the line as intended by the parties, the road being what is denominated a consent road. The case will be reversed and remanded for further action not inconsistent with this opinion, or a decree in accordance with this opinion will be entered in this court, at the option of plaintiff.

REVERSED.